UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

ALFREDO GARCIA

    Plaintiff,

v.

J M N CLEANING SERVICES CORP.
a Florida Profit Corporation, and JUAN SUAREZ,
individually

    Defendants

_____/

**COMPLAINT**

COMES NOW, the Plaintiff, ALFREDO GARCIA, (hereinafter referred to as "Plaintiff"), on behalf of himself, by and through undersigned counsel, files this Complaint against Defendants JMN CLEANING SERVICES CORP., a Florida Profit Corporation, (hereinafter referred to as "JMN CLEANNING") and JUAN SUAREZ (hereinafter referred to as "SUAREZ") collectively ("DEFENDANTS") and states as follows:

**JURISDICTION AND VENUE**

1. This is an action by the Plaintiff for damages for unpaid wages, unpaid overtime wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

1

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff was at all times relevant to this action, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant JMN CLEANING is a corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. Defendant has its principal place of business in Miami, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within Miami Dade County, and is subject to the laws of the United States and the State of Florida.

7. Defendant JMN CLEANING is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, JMN CLEANING provides a variety of commercial cleaning services including but not limited to: janitorial cleaning services, post-construction cleaning services and floor stripping and waxing.

9. At all times material to this Complaint, Defendant JMN CLEANING has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly performed functions with clients across state lines utilizing telephones, computers, machinery, materials, and supplies.

11. Defendant JMN CLEANING upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant, SUAREZ is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, JMN CLEANING.

13. Defendant SUAREZ acted directly in the interest of his company, JMN CLEANING, as the president. Upon all available information, SUAREZ controlled the manner in which Plaintiff performed his work and the pay he was to receive.

14. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

15. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

16. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

17. Specifically, Plaintiff performed work for Defendants as a laborer from on or about August 15, 2019 through on or about October 19, 2020.

18. During the course of his employment with Defendants, Plaintiff regularly worked between 50–60 hours per work week.

19. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

20. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

21. Defendants knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.[1]

22. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

23. Throughout Plaintiff's employment, Plaintiff regularly and repeatedly complained and/or objected the Defendant's failure to properly pay overtime wages.

24. Approximately a week before his termination, Plaintiff again complained to Suarez about not being compensated at time and half for the overtime hours. SUAREZ told him they could talk about that at a later day.

25. On or about October 19, 2020 Plaintiff was terminated by SUAREZ.

26. The temporal proximity of Plaintiff's complaints regarding the improper pay and his termination creates the presumption that Defendants retaliated against Plaintiff for attempting to exercise his rights under the law.

27. Upon information and belief, Defendants' reason for termination (if any) is pretextual.

---

[1] Upon information and belief, Defendants have been previously sued for violations of federal wage law and nevertheless continue to still violate the law.

28. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

29. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

**COUNT I**
**VIOLATION OF FLSA/OVERTIME against JMN CLEANING**

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

31. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Since the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating him for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

33. Specifically, Plaintiff regularly worked between 45-60 hours during each work week in which he was employed but he was not compensated at time and a half for the hours worked over forty (40) hours.

34. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment

in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

35. JMN CLEANNING is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). JMN CLEANNING's business activities involve those to which the Fair Labor Standards Act applies.

36. The Plaintiff's work for JMN CLEANNING likewise affects interstate commerce.

37. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither bona fide executive, administrative, or professional employees. Plaintiff performed manual labor tasks and did not have decision-making authority.

38. JMN CLEANNING has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

39. By reason of the said intentional, willful and unlawful acts of JMN CLEANNING, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

40. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

41. JMN CLEANNING never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

42. As a result of JMN CLEANNING's willful violations of the Act, Plaintiff is entitled to liquidated damages.

43. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from JMN CLEANNING.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant JMN CLEANNING:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### VIOLATION OF FLSA/OVERTIME against SUAREZ

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

45. At the times mentioned, Defendant SUAREZ was, and is now, a corporate officer of corporate Defendant, JMN CLEANING SERVICES.

46. Defendant SUAREZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that SUAREZ acted directly in the

interests of Defendant JMN CLEANING SERVICES in relation its employees including Plaintiff.

47. Specifically, SUAREZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

48. Defendant SUAREZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

49. Defendant SUAREZ willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with SUAREZ as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant SUAREZ:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## FLSA RETALIATION against JMN CLEANING

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

51. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or

instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

52. JMN CLEANNING's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

53. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaint for payment of his earned wages.

54. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant JMN CLEANING:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

    C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

    D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

    F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## FLSA RETALIATION against SUAREZ

55. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

56. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

57. SUAREZ' conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

58. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaint for payment of his earned wages.

59. SUAREZ' conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

   C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

   D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated December 22, 2020

Respectfully submitted,

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com