# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among Alfredo Garcia (hereinafter "Garcia" or "Plaintiff"), JMN Cleaning services Corp. et al , ( hereinafter "JMN Cleaning") and Juan Suarez (hereinafter "Suarez" and collectively "Defendants") (Plaintiff and Defendants will be collectively referred to as "the Parties") and they agree to the terms and conditions set forth below:

**WHEREAS**, Garcia was previously employed by Defendants;

**WHEREAS**, on or about December 22, 2020, Garcia filed a lawsuit claiming an overtime violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") in the United States District Court, Southern District of Florida, entitled *Alfredo Garcia v. JMN Cleaning Services Corp.,*, Case No. 1:20-cv-25208-KMW (the "Action");

**WHEREAS,** Defendants have denied and continue to deny the claims and allegations asserted in the Action and any wrongdoing whatsoever;

**WHEREAS**, the parties wish to settle their differences and resolve any and all disputes and obligations between them, including without limitation, all claims that were or could have been raised in the Action and any and all claims arising from Garcia's employment with, and/or separation from, Defendants;

**THEREFORE**, in consideration of the covenants and mutual promises contained in this Agreement, the parties agree as follows:

1. **Recitals.**

The above recitals are true and correct and are incorporated herein by reference for all purposes.

2. **Obligations of Defendants.**

In consideration of Garcia's obligations set forth below and to avoid any further expenses associated with the costs of litigation:

a) Defendants agree that, along with other good and sufficient consideration for this Agreement, Garcia will be paid, within ten (10) calendar days of (1) Garcia' execution of this Agreement, (2) the Court's entry of an order approving this settlement agreement and full dismissal of this Action with prejudice, total funds in the gross amount of Ten Thousand Dollars and Zero Cents ($10,000.00) (the "Settlement Funds"), which shall be issued as follows:

(i)  one check made payable to Alfredo Garcia in the gross amount of Two Thousand Six Hundred Seventy-Five Dollars and Fifty-Five Cents ($2,675.55), representing all of Mr. Garcia's alleged unpaid overtime, for which Garcia will receive a Form W2;

(ii) one check made payable to Alfredo Garcia in the amount of Two Thousand Six Hundred Seventy-Five Dollars and Fifty-Five Cents ($2,675.55), representing all of Mr. Garcia's alleged liquidated damages, for which Garcia will receive a Form 1099; and

(iii) one check made payable to Peregonza the attorneys PLLC., in the amount of Four Thousand Six Hundred and Forty Eight Dollars and Ninety Cents ($4,648.90), representing all fees and costs incurred in this matter.

Garcia expressly agrees to be solely responsible for any tax liability that may result from payment of the Settlement Funds, and expressly acknowledges that Defendants are not liable in any way for any tax consequences of this settlement.

b. As further consideration, Defendants agree that if it is contacted by a prospective employer about Garcia, it will provide the following information: the dates of Garcia's employment, rate of pay and the last position he held.

c. As permitted by law, from the time of Garcia's execution of this Agreement, Juan Suarez shall not disparage Garcia, directly or indirectly, or say anything negative about Garcia including, but not limited to, members of the press and media, present and former employees of Defendants, or any other third persons. As permitted by law such non-disparagement shall expressly include any comments, postings or other communications on social media.

d. Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 69 F.2d 1350, 1352 (11th Cir. 1982), the parties shall file a Joint Motion for Settlement Approval and Proposed Order Dismissing this Action.

e. <u>Release of Plaintiff</u>

Defendants agree to completely and forever release Garcia from any and all claims, known or unknown, including but not limited to claims arising out of Garcia's employment with the Defendants and his separation therefrom, including any that may arise under contract, tort, or equity. The parties expressly intend this release to reach the maximum extent permitted by the law. However, nothing in this Agreement shall be construed to prevent the Defendants from enforcing their rights under this Agreement.

**3.     Obligations of Garcia.**

Garcia, on behalf of himself, his heirs, executors, administrators, successors, and assigns and all persons who may have a cause of action through him ("Releasors") completely and forever releases Defendants, its parents, subsidiaries, affiliates, divisions, successors and assigns, insurers and reinsurers, past and present directors, officers, attorneys (including outside counsel), and employees, and their respective heirs and personal representatives and any related or affiliated entities and Juan Suarez (including his heirs, executors, administrators, successors, and assigns) (collectively, "Releasees") from any and all claims, known or unknown, including, without exception, those claims that were or could have been asserted in the Action and any other claims arising out of Garcia's former employment with Defendants and the separation therefrom,

including, but not limited to, any and all claims under Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act ("ADEA"), as amended, and the Older Workers Benefit Protection Act; the Civil Rights Act of 1991; 42 U.S.C. § 1981; the Employee Retirement Income Security Act of 1974, as amended; the Family and Medical Leave Act; the Americans with Disabilities Act of 1990, as amended; the Rehabilitation Act of 1973; the Equal Pay Act; the National Labor Relations Act; the Occupational Safety and Health Act; the Consolidated Omnibus Budget Reconciliation Act; the Genetic Information Non-Discrimination Act of 2008; the Pregnancy Discrimination Act of 1978; the Immigration Reform and Control Act; the Workers Adjustment and Retraining Notification Act; the Fair Credit Reporting Act; Florida Wage Discrimination Law – Fla. Stat. § 448.07; Florida Equal Pay Law – Fla. Stat. § 725.07 and Fla. Stat. Ann. § 448.07; the Florida AIDS Act – Fla. Stat. § 110.1125, § 381.00 and § 760.50; the Florida Domestic Violence Leave Law; Florida Preservation and Protection of the Right to Keep and Bear Arms in Vehicles Act; Florida Discrimination on the Basis of Sickle Cell Trait Law – Fla. Stat. § 448.075 et seq.; Florida OSHA – Fla. Stat. Ann. § 442.018(2); the Florida Civil Rights Act of 1992; Fla. Stat. § 440.205; the Florida Minimum Wage Act; the Florida Whistle Blower's Act; Fla. Stat. § 448.08; any applicable Florida statutes or local ordinances; all laws that govern discrimination involving religion, color, race, sex, pregnancy, sexual harassment, national origin, marital status, genetic information, age, retaliation, handicap, and/or disability; and any other statutory, common law, or public policy claim, whether in tort (including, without limitation, any claim for misrepresentation or fraud, assault, battery, intentional infliction of emotional distress, tortious interference with employment, defamation, invasion of privacy, negligence, or negligent hiring, retention, or supervision) or contract; whether federal, state, or local; whether in law or in equity; whether of any type whatsoever from the beginning of the world to these times present. Garcia's complete release additionally includes, without limitation, any and all claims for back pay, front pay, attorneys' fees, costs, and expenses. Garcia expressly intends this release to reach to the maximum extent permitted by law. The above list of statutes is meant to be illustrative, not exhaustive.  However, nothing in this Agreement shall be construed to prevent Garcia from enforcing his rights under this Agreement or from asserting claims for his accrued, vested benefits under any employee benefit plans in accordance with the terms of such plans and applicable law. If any claim is not subject to release, to the extent permitted by law, Garcia waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party or a proceeding based on such a claim in which Defendants are a party.

Garcia warrants that, other than the Action, neither he, nor anyone acting on his behalf, has filed any civil action, suit, arbitration, administrative charge or legal proceeding, whether in court or with an administrative agency, against Defendants and he has not made any assignment or pledge to anyone of any claim against Defendants.  Garcia further agrees that should any person, organization, or other entity file, charge, claim, sue or cause or permit to be filed any civil action, suit or legal proceeding involving any matter occurring at any time in the past against Defendants, he will not seek nor accept any personal relief in such civil action, suit or legal proceeding. However, nothing in this Agreement precludes Garcia from testifying, assisting or participating in any investigation, hearing or proceeding conducted by the EEOC or equivalent agency.  Garcia, waives any right to monetary or other recovery should any claim be pursued by any person, organization or other entity against Defendants on his behalf arising out of or related to Garcia's employment or separation from Defendants.

Garcia agrees and acknowledges that the consideration provided for in this Agreement exceeds any payments, benefit or thing of value to which he might otherwise be entitled to under any policy, plan or procedure of Defendants.

      a.    The Parties intend this Agreement is intended to be a full and complete release of all claims against each other. If the Parties nevertheless initiates a lawsuit against each other in violation of this Agreement, the Parties shall be entitled to damages from one another, including, without limitation, attorneys' fees and costs incurred in enforcing this Agreement, as well as a set off in the amount of the Settlement Funds if the Agreement is breached by Garcia.

      b.    As permitted by law, from the time of Garcia's execution of this Agreement, neither Garcia nor anyone else acting on Garcia's behalf shall disparage Defendants, or say anything negative about Defendants including, but not limited to, members of the press and media, present and former employees of Defendants, or any other third persons. As permitted by law such non-disparagement shall expressly include any comments, postings or other communications on social media.

      c.    If Garcia should be subpoenaed by a court or administrative agency of competent jurisdiction to testify about his employment with Defendants or this Agreement, or to produce this Agreement or other documents related to or about his employment with Defendants, then Garcia shall be allowed to honor the subpoena as required by law, but only after he has first given notice to: Raul R. Lopez, Esq., lopez@glmlegal.com; (305)818-0117 (phone), or designee, telephonically within a reasonable time after being served with the subpoena, or as soon thereafter as possible in writing, including a copy of the subpoena, and in any event, before Garcia testifies or produces any documents in response to the subpoena.

      d.    Garcia further acknowledges that, after payment of the Settlement Funds, he will not pursue any claims for any other wages (including any overtime), bonuses, and compensation to which he was entitled by virtue of his former employment with Defendants, as well as any and all leave or other benefits to which he may have been entitled by virtue of his former employment with Defendants and that, by signing this Agreement, he forever waives any right to any compensation (including any overtime), severance, leave of absence benefits or other payments of any kind from Defendants. Garcia represents that he will not seek future employment with Defendants, and he understands that Defendants will not employ him if he does seek such employment.

    4.    **<u>No Admission of Liability.</u>**

The parties acknowledge that this Agreement is not an admission of liability or wrongdoing by anyone, but instead reflects the parties' desire to reach a mutual agreement concerning Garcia's separation of employment from Defendants and resolve the matter without additional legal fees and expenses. All parties deny any wrongdoing or violation of law. Garcia forever waives all rights to assert that this Agreement was the result of a mistake in law or in fact. Further, Garcia forever waives all rights to assert that any or all of the legal theories or factual assumptions used for negotiating purposes are for any reason inaccurate or inappropriate.

5. **Medicare.**

The parties have fully considered Medicare's interest, pursuant to the Medicare Secondary Payer rules, and, in doing so, Garcia has declared that this claim does not involve any illness, injury, incident or accident in which medical expenses were incurred.  Further, Garcia affirms that he is not Medicare eligible as of the date of execution of this Agreement.  This affirmation is a material term of this Agreement and without which Garcia would not have entered into this Agreement.  Furthermore, notwithstanding any provision herein to the contrary, Garcia does not release any claim he may have against Defendants for any medical expenses paid by Medicare on his behalf.  Accordingly, Medicare has no interest in the payment under this Agreement.  If Medicare (or the agency representing Medicare's interest) later determines that it does have an interest in the payment to his under this Agreement, Garcia will indemnify Defendants as soon as possible for any payments and/or penalties Defendants make to Medicare (or the agency collecting on behalf of Medicare) as a result of the payment under this Agreement.

6. **General Terms.**

a. The parties affirm that the terms stated in this Agreement are the only consideration for them to sign this Agreement, and no other promise or agreement of any kind has been made to or with them by any person or entity whomsoever to cause them to execute this Agreement, and that they fully understand the meaning and intent of this Agreement, including but not limited to its final and binding effect.  This Agreement contains the entire agreement between the parties and replaces any and all prior contracts, agreements, or understandings between the parties arising out of or relating to Garcia's employment with, and separation from, Defendants.  This Agreement may only be changed in a writing signed by both Defendants and Garcia.

b. This Agreement shall be construed, enforced and interpreted in accordance with the laws of the State of Florida, without regard to Florida's conflict of laws principles, and the exclusive venue for any action to enforce or construe the Agreement shall be in Miami-Dade County, Florida. Garcia specifically consents to personal jurisdiction in this venue. **THE PARTIES SPECIFICALLY WAIVE ANY RIGHT TO A JURY TRIAL IN THE EVENT OF A LEGAL ACTION TO ENFORCE THIS AGREEMENT.**

c. If one or more provisions of this Agreement is held to be unenforceable, the remaining provisions nonetheless shall be enforced to the maximum extent possible.

d. If any legal action, proceeding or hearing is brought by any party to this Agreement to enforce the terms and conditions of this Agreement, then the prevailing party shall be entitled to recover reasonable attorneys' fees and costs, including fees and costs on appeal.

e. This Agreement is binding upon, and shall inure to the benefit of, the parties and their respective heirs, executors, administrators, successors and assigns.

7. **Counterparts.**

This Agreement may be executed in counterparts, and if so executed each such counterpart shall have the force and effect of an original. The person(s) signing this Agreement on behalf of Defendants is authorized to do so.

ALFREDO GARCIA AFFIRMS THAT: (1) HE HAS CAREFULLY READ THIS AGREEMENT AND KNOWS AND UNDERSTANDS ITS CONTENTS, (2) HE HAS BEEN ADVISED OF HIS RIGHT TO CONSULT WITH AN ATTORNEY ABOUT THIS AGREEMENT, (3) HE HAS BEEN GIVEN A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THIS AGREEMENT, (4) HE ENTERS INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY, AND (5) HE INDICATES HIS CONSENT AND AGREEMENT BY INITIALING EACH PAGE AND SIGNING THE SIGNATURE PAGE.

_____ (AG)
ALFREDO GARCIA
Date: _____02/18/2021_____

JMN CLEANING SERVICES CORP,     (JMN)

By: _____
Name: ____Juan Suarez____
Title: ____President____
Date: __02/25/21__

_____ (JS)
JUAN SUAREZ
Date: __02/25/21__

6

**Twenty One (21) Day Waiver**

I, ALFREDO GARCIA, hereby acknowledge that I have been granted up to 21 days to consider this agreement, and that I have elected to waive the remaining portion of that period and execute the document on this date.

_____     02/18/2021
ALFREDO GARCIA                 Date